## IN THE MATTER OF THE APPOINTMENT OF ·A GUARDIAN OF THE PROPERTY OF ICHIRO ·OKAMURA, A MINOR.

### No. 1306.

RESERVED QUESTIONS FROM CIRCUIT JUDGE FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

SUBMITTED JANUARY 4, 1922.                    DECIDED JANUARY 19, 1922.

COKE, C. J., KEMP AND EDINGS, JJ.

GUARDIAN AND WARD—*cancellation of appointment.*

The mere fact that a guardian may be in a position to commit an illegal act is not sufficient to warrant the cancellation of his letters of guardianship although if he does commit the act it may be cause for his removal.

OPINION OF THE COURT BY EDINGS, J.

The facts in this case as appear by the stipulation filed herein are as follows: The said Ichiro Okamura was born in the district of North Hilo, County and Terri-

tory of Hawaii, on January 28, 1916; that he is the son
of Juichi Okamura, a resident of said district; that the
said Juichi Okamura is a subject of the Emperor of
Japan and incapable of naturalization as a citizen of the
United States; that said minor is the owner of a certain
tract of homestead land situated at Papaaloa in the
County and Territory of Hawaii, the same being lots
Nos. 15, 88 and 89 of the Manowaiopae homestead tract
containing an area of 37.775 acres according to the
special homestead agreement No. 1071, Land Patent 6951
to James D. Fraser, the said special homestead agree-
ment No. 1071 having been issued to the said James D.
Fraser on the 20th day of December, 1914, and the said
patent having been executed and delivered to him on
the 24th day of November, 1917. The said special home-
stead agreement and the said patent were issued to the
said James D. Fraser subject to the provisions of an act
of Congress entitled "An Act to Provide a Government
for the Territory of Hawaii," approved April 30, 1900,
and usually referred to as the "Organic Act," which pro-
hibits the transfer of any interest in or control of the
land described herein to any alien without the consent
of the land commissioner and the governor of the Ter-
ritory of Hawaii. On or about the 26th day of August,
1919, the said James D. Fraser conveyed and transferred
the said land in said special homestead agreement and
said patent described to the said Ichiro Okamura. On
or about the 26th day of January, 1920, Juichi Okamura,
the father of said minor, was by the judge of the circuit
court of the fourth circuit of the Territory appointed
guardian of the property of the said Ichiro Okamura.
At the time of the appointment of said guardian the
said judge of the circuit court of the fourth circuit was
not duly advised of the fact that the estate of the said
minor consisted largely of the homestead land in question

and was not advised that the question of the legality of said appointment might be in doubt by reason of the said provisions of the Organic Act prohibiting the transfer of any interest in or control of homestead lands to any alien without the consent of the land commissioner and governor as aforesaid. The entire estate and property of the said minor consist of the land in question and the profits derived from agricultural operations conducted on said land. The land commissioner and the governor did not consent to the transfer of the said land to the said Ichiro Okamura and did not consent to the appointment of the said Juichi Okamura as guardian of the said property of the said minor.

Upon this statement of facts the attorney general of the Territory of Hawaii filed a petition on behalf of and as the next friend of Ichiro Okamura in the said circuit court of the fourth circuit praying that the letters of guardianship issued to said Juichi Okamura be canceled and a proper and legally competent person be appointed in his stead and the following questions were reserved to this court:

"Did the said Juichi Okamura, by his said appointment as guardian of the property of said Ichiro Okamura, a minor, acquire such an interest in or control of the lands described in the petition herein as to render said appointment illegal and (or) void as being in contravention of the provisions of the Organic Act of the Territory of Hawaii?"

"If * * * answered in the affirmative should the letters of guardianship heretofore issued to Juichi Okamura be canceled * * * as prayed?"

Section 73 of the Organic Act is in part as follows:

"No land for which any such certificate, lease, or agreement shall hereafter be issued, or any part thereof or interest therein or control thereof shall, without the written consent of the commissioner and governor, thereafter, whether before or after a homestead lease or

patent has been issued thereon, be or be contracted to be in any way, directly or indirectly, by process of law or otherwise, conveyed, mortgaged, leased, or otherwise transferred to or acquired or held by or for the benefit of any alien or corporation; or, before or after the issuance of a homestead lease or before the issuance of a patent, to or by or for the benefit of any other person; or, after the issuance of a patent to or by or for the benefit of any person who owns, holds, or controls, directly or indirectly, other land or the use thereof the combined area of which and the land in question exceeds eighty acres: Provided, That these prohibitions shall not apply to transfers or acquisitions by inheritance or between tenants in common."

A careful review of the record in this case fails to impress this court with the necessity or practicability of answering the first question reserved either in the negative or affirmative. This question appears to us to be purely academic and based principally upon the apprehension of the petitioner that the guardian may use his position as such to enable him to perpetrate an illegal act.

This of course does not and cannot affect the legality of the appointment of the guardian. That appointment is upon its face legal and valid and the subsequent acts of the guardian, while they may furnish cause for his removal, cannot affect the validity of his appointment.

The second question reserved is, namely, "Should the letters of guardianship heretofore issued to Juichi Okamura be canceled?" Under the provisions of section 73 of the Organic Act, upon which the petitioner relies, the guardian, if his interest in or control of the lands in question, comes within the prohibitions therein enumerated, has the right to apply to the commissioner and the governor for their written consent to his control of the land and he should be permitted to avail himself of the privilege accorded him by the act.

This question is therefore answered in the negative.

*Harry Irwin,* Attorney General and as next friend, for the minor.

*Russell & Patterson* for respondent.